# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILIS SAKELLARIDIS,<br><br>    Petitioner,<br><br>    v.<br><br>DAVE DAVEY,<br><br>    Respondent. | Case No. 1:15-cv-01154-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Vasilis Sakellaridis is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner challenges the California Department of Corrections and Rehabilitation's application of the credit limitation set forth in California Penal Code section 2933.1 to Petitioner's sentence. The Court recommends granting Respondent's motion to dismiss because Petitioner fails to state a cognizable claim for federal habeas relief.

**I.**

**BACKGROUND**

On July 19, 2005, Petitioner was convicted in the San Bernardino County Superior Court for robbery. (ECF No. 1 at 1).[1] On March 27, 2009, Petitioner was sentenced to an imprisonment term of fourteen years. (Id.). On May 15, 2009, Petitioner was received into the custody of the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

California Department of Corrections and Rehabilitation ("CDCR"), which applied the credit limitation specified in California Penal Code section 2933.1 to Petitioner's sentence. (ECF No. 12 at 2; ECF No. 12-1 at 25).

On January 17, 2014, Petitioner attended a Computation Review Hearing. (ECF No. 12-1 at 25). Petitioner's administrative appeal was denied at the second level of review. (Id.). On August 14, 2014, Petitioner's administrative appeal was denied at the third level of review, and the credit limitation the CDCR applied to Petitioner's sentence in 2009 was confirmed to be valid. (Id. at 26). Thereafter, Petitioner filed a state habeas corpus petition with the California Supreme Court, which denied the petition on June 24, 2015. (ECF No. 1 at 19–26, 28). On July 24, 2015, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On November 5, 2015, Respondent filed a motion to dismiss. (ECF No. 12). On November 18, 2015, Petitioner filed an opposition to the motion to dismiss. (ECF No. 13).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). As the instant petition was filed on July 24, 2015, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The Ninth Circuit has held that when a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) applies and the AEDPA's one-year limitations period runs from when the factual predicate of the habeas claim could have been discovered through the exercise of due diligence. Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012). The Ninth Circuit further held that "[a]s a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." Id.

Respondent argues that Petitioner could have been aware of the factual predicate of his claim in 2009 when the CDCR applied the credit limitation to his sentence pursuant to California Penal Code section 2933.1. (Id. at 4). Therefore, Respondent concludes, the instant petition was filed outside the one-year limitations period. (Id.). The Court finds Respondent's argument unpersuasive. Respondent has not identified, and the Court is not aware of, an exception to the Ninth Circuit's "general rule" that would deem the initial administrative decision the "factual predicate" rather than the denial of the administrative appeal. Here, Petitioner's administrative appeal was denied on August 14, 2014, and the limitation period began running the next day. The instant petition was filed on July 25, 2015, within the one-year limitation period.[2] Accordingly, the Court finds the petition is timely and dismissal is not warranted on this ground.

### B. Cognizable Claim for Federal Habeas Relief

Respondent also asserts the petition should be dismissed because Petitioner only raises errors of state law, which are not cognizable in federal habeas proceedings. (ECF No. 12 at 3). Petitioner argues that California Penal Code sections 2933.1 and 667.5 violate article IV, section 9 of the California Constitution. Petitioner argues that the California Constitution is a contract between the state and its citizens, and so California Penal Code sections 2933.1 and 667.5 violate the Contract Clause of the United States Constitution. (ECF No. 1 at 6–7).

---

[2] The Court also notes that pursuant to 28 U.S.C. § 2244(d)(2), the time during which Petitioner's state habeas petition was pending in the California Supreme Court statutorily tolled the limitations period.

"No State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10. Here, Petitioner argues that California Penal Code sections 2933.1 and 667.5 violate the Contract Clause by impairing the obligation created by article IV, section 9 of the California Constitution, which provides:

> A statute shall embrace but one subject, which shall be expressed in its title. If a statute embraces a subject not expressed in its title, only the part not expressed is void. A statute may not be amended by reference to its title. A section of a statute may not be amended unless the section is re-enacted as amended.

Cal. Const. art. IV, § 9. This is known as the "single-subject rule," the purpose of which "is to prevent misleading or inaccurate titles so that legislators and the public are afforded reasonable notice of the contents of a statute." Marathon Entm't, Inc. v. Blasi, 42 Cal. 4th 974, 988 (2008). There is no parallel provision in the United States Constitution to article IV, section 9 of the California Constitution.

The Supreme Court has held that "a statute is itself treated as a contract [for purposes of the Contract Clause] when the language and circumstances evince a legislative intent to create private rights of a contractual nature enforceable against the State." U.S. Trust Co. of New York v. New Jersey, 431 U.S. 1, 18 (1977). "[A]bsent some clear indication that the legislature intends to bind itself contractually, the presumption is that 'a law is not intended to create private contractual or vested rights . . . .'" Nat'l R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry. Co., 470 U.S. 451, 465–66 (1985) (quoting Dodge v. Board of Education, 302 U.S. 74, 79 (1937)). It is the burden of "the party asserting the creation of a contract [to] overcome this well-founded presumption." Id. at 466. There is no clear indication that the legislature intended to bind itself contractually in article IV, section 9 of the California Constitution, and Petitioner has failed to overcome the presumption that a law is not intended to create private contractual rights.

Although Petitioner attempts to make out a federal claim by claiming a violation of the Contract Clause, the instant petition challenges the application of the credit limitation set forth in California Penal Code section 2933.1 to Petitioner's sentence. If the Court were to accept Petitioner's argument, it would lead to the absurd result that every violation of the California Constitution constitutes a violation of the United States Constitution. The Supreme Court "ha[s]

4

stated many times that federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (internal quotation marks omitted) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). Based on the foregoing, the Court finds that Petitioner has failed to state a cognizable claim for federal habeas relief, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's Motion to Dismiss be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 1, 2016**                          /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE