1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VASILIS SAKELLARIDIS,                    No.  1:15-cv-01154-DAD-EPG-HC

12                     Petitioner,

13        v.                                  ORDER DENYING PETITIONER'S MOTION
                                              FOR RELIEF FROM JUDGMENT AND
14   DAVE DAVEY,                              DECLINING TO ISSUE CERTIFICATE OF
                                              APPEALABILITY
15                     Respondent.
                                              (Doc. Nos. 21, 23)
16

17

18        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.  On June 2, 2016, the assigned magistrate judge issued findings and

20   recommendation recommending the petition be dismissed for failure to state a cognizable claim

21   for federal habeas relief.  (Doc. No. 16.)  On June 22, 2016, petitioner lodged an amended

22   petition, which attempted to cure the deficiency set forth in the magistrate judge's findings and

23   recommendation.  (Doc. No. 17.)  On September 15, 2016, finding that amendment would be

24   futile based on petitioner's failure to exhaust his claims by first presenting them to the highest

25   state court, the court denied petitioner leave to amend the petition, dismissed the petition, and

26   entered judgment.  (Doc. Nos. 19, 20.)  On October 17, 2016, petitioner filed a motion for relief

27   from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6).  (Doc. No. 21.)

28   /////

                                                 1

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Even if the court were to grant relief from judgment pursuant to Rule 60(b) and grant petitioner leave to amend, petitioner has failed to state a cognizable federal habeas claim in the amended petition.  Petitioner contends that California Penal Code sections 2933.1 and 667.5(c) violate article IV, sections 8 and 9 of the California Constitution, a claim based upon the alleged violation of state law, obviously not cognizable in federal habeas.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (noting "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions").   Petitioner argues that the California Department of Corrections and Rehabilitation ("CDCR") applied § 2933.1 rendering him ineligible for certain worktime credits (a state-created liberty interest), and thereby violating due process.  (Doc. No. 17 at 5.)  Even assuming that California Penal Code § 2933 creates a liberty interest in these credits protected by the Due Process Clause,[1] petitioner does not allege the procedures by which he was deprived of that interest were constitutionally insufficient.  *See Swarthout v. Cooke*, 562

---

[1]  In 2010, the California legislature amended California Penal Code § 2933.  The Ninth Circuit has yet to determine whether § 2933, as amended, creates a liberty interest.  *Edwards v. Swarthout*, 597 Fed. App'x 914, 915–16 (9th Cir. 2014).  The Ninth Circuit previously held that the prior version of § 2933 "did not create a liberty interest in sentence-reducing worktime credits; therefore, it could not serve as the basis of a due process claim."  *Id*. at 915 (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1094–96 (9th Cir. 1986), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 485–87 (1995)).

U.S. 216, 219 (2011) ("As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient.").  Rather, petitioner merely argues that the CDCR applied a state statute, which he alleges violates the California Constitution, that limited petitioner's ability to earn credit.  Of course, petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.  We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted).  *See also Cooke*, 562 U.S. at 219 ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (quoting *McGuire*, 502 U.S. at 67).  Since the amended petition would still fail to state a cognizable claim for federal habeas relief, petitioner's motion for relief from judgment under Rule 60 must be denied.

Petitioner also seeks a certificate of appealability on this issue.  (Doc. No. 23.)  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  The Ninth Circuit held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." U*nited States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015).  If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *Winkles*, 795 F.3d at 1143.  "Given that section 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical," *id.* at 1141 (citations omitted), the court will apply the standard set forth in *Winkles* to determine whether a certificate of appealability should issue regarding the denial of petitioner's Rule 60(b) motion for relief from judgment

arising out of the dismissal of his § 2254 petition.  Here, the court finds that jurists of reason would not find it debatable whether the court abused its discretion in denying the Rule 60(b) motion for relief from judgment and would not find it debatable whether the underlying amended petition states a valid claim of the denial of a constitutional right.  Therefore, petitioner is not entitled to a certificate of appealability.

Accordingly, for the reasons set forth above:

1.  Petitioner's motion for relief from judgment (Doc. No. 21) is denied; and

2.  The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  __**January 19, 2017**__

_____
UNITED STATES DISTRICT JUDGE

4